**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

> **Plaintiff,**

**v.**                                                    **No. 2:02 CR 02074 JAP**

**NARCIZO SOTO,**

> **Defendant.**

### DEFENDANT NARCIZO SOTO'S MOTION TO VACATE SENTENCE

Defendant Narcizo Soto, through the undersigned counsel and pursuant to 28 U.S.C. § 2255, respectfully requests that the Court enter an order vacating his 24-month sentence entered on November 14, 2013. As grounds therefore, Mr. Soto respectfully submits that a United States Supreme Court ruling, Johnson v. United States, 135 S. Ct. 2551, 2557, 192 L. Ed. 2d 569 (2015), issued since Mr. Soto's sentencing requires downgrading Mr. Soto's supervised release violations from Grade A to Grade B pursuant to U.S.S.G. § 7B1.4. Grade B violations should only subject Mr. Soto to a 12–18 month sentencing range.

Mr. Soto committed two violations of his supervised release order which the Court found to be "crimes of violence" pursuant to the Federal Sentencing Guidelines' Residual Clause. The Residual Clause provides that a "crime of violence" includes "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). As "crimes of violence," the Court classified Mr. Soto's actions as Grade A violations. For Mr. Soto, a Category IV offender, Grade A violations to his supervised release called for a sentencing range of 24–30 months.

Since Mr. Soto's sentence, the United States Supreme Court ruled that the Residual Clause is unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551, 2557, 192 L. Ed. 2d 569 (2015). While Johnson addressed the Residual Clause in the Armed Career Criminal Act ("ACCA"), the 10th Circuit applies the ACCA's Residual Clause precedent to the Federal

1

Sentencing Guidelines' identically-worded Residual Clause. United States v. Maldonado, 696 F.3d 1095, 1103 n.3 (10th Cir. 2012). As a substantive change in constitutional law, the Johnson ruling is retroactive, and therefore applies to Mr. Soto's sentence.

Because using the Residual Clause to classify an act as a "crime of violence" for sentencing purposes violates a defendant's right to due process, Mr. Soto's supervised release violations should be classified as Grade B, not Grade A. Consequently, his sentencing range should be 12–18 months. Mr. Soto, who has now served 13 months of his 24 month sentence, now asks this Court to vacate his sentence pursuant to the Johnson ruling, reduce his sentence and to release him as soon as it sees fit.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 2005, Mr. Soto entered a guilty plea in the United States District Court, District of New Mexico to possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2.  The Court sentenced Mr. Soto to 78 months in prison, (Doc. 54, 2), followed by four years of supervised release. (Doc. 54, 3). The supervised release's terms required that Mr. Soto "not commit another federal, state, or local crime." (Doc. 54, 3).

Mr. Soto was released from jail on November 3, 2009. (Doc. 84, 2). The following year, Mr. Soto was arrested for fleeing from a police officer in violation of New Mexico Stat. Ann. 1978 § 30-22-1.1 (2003). (Doc. 84, 2). A New Mexico State Police Officer had stopped a vehicle driving with its high beams on. (Doc. 61, 1). After handing the Police Officer identification materials belonging to Mr. Soto, the driver allegedly "placed the vehicle in gear, and fled the scene." (Doc. 61, 2). Later, a person who was not Mr. Soto reported to the Clovis Police Department that he had been driving the vehicle, not Mr. Soto. (Doc. 61, 2). The police did not find the account credible, and issued a warrant for Mr. Soto's arrest. (Doc. 61, 2). Mr. Soto was arrested on April 23, 2010. (Doc. 61, 2).

2

Following the arrest, Mr. Soto was jailed at the Curry County Detention Center, in Clovis, New Mexico. On November 13, 2010, while left unsupervised to perform clerical work, Mr. Soto walked out of the detention center through an open door. (Doc. 95, 2). His escape did not draw a pursuit – no one saw him leave, and his absence was not noticed for several hours. (Doc. 94, 3-4). Mr. Soto was apprehended later that evening, after an anonymous tip directed police to his whereabouts in a house in Clovis. (Doc. 95, 2)

On December 8, 2011, Mr. Soto pled guilty in New Mexico State District Court to charges relating to Mr. Soto's April 23, 2010 arrest. (Doc. 84, 2). He was sentenced to five and a half years in prison, "including a four year enhancement as a habitual offender, but ordered that the final eighteen months of the sentence was unconditionally suspended." (Doc. 84, 2-3). On May 13, 2013, Mr. Soto pled guilty to charges relating to his November 2010 escape from jail and was sentenced in New Mexico State District Court to two and a half years in prison "including a one year enhancement as a habitual offender, and ordered that the remaining portion of the defendant's sentence (after crediting the defendant for pre-sentence confinement) should run consecutive to the defendant's previously imposed sentence for aggravated fleeing a law enforcement officer." (Doc. 84, 3).

On September 12, 2013, the United States Attorney's Office filed a request in this Court to revoke Mr. Soto's supervised release and return him to prison based on Violations 1 and 5. (Doc. 84). The United States also asserted that Violation 1 – fleeing from a law enforcement officer – was a "crime of violence" worthy of a Grade A violation under U.S.S.G. § 7B1.1(a). (Doc. 84, 5). The Federal Sentencing Guidelines defines "crime of violence" in U.S.S.G. § 4B1.2(a). The United States asserted that Violation 1 met the criteria for a "crime of violence" under a portion of the definition commonly known as the "Residual Clause," which provides that a "crime of violence" is one that "involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a). (Doc. 84, 6-7).

In a supplemental memorandum filed on October 30, 2013, the United States further asserted that Violation 5 was also a "crime of violence" under the same Residual Clause in

U.S.S.G. § 4B1.2(a). (Doc. 92, 2-3). In light of Violations 1 and 5, the United States asked the court to sentence Mr. Soto to 30 months imprisonment. (92, 4). On November 14, 2013, this Court sentenced Mr. Soto to 24 months imprisonment "to run consecutively to sentence [Mr. Soto] is currently serving" in New Mexico State District Court. (Doc. 95, 2).

ARGUMENT

The Court based Mr. Soto's 24-month imprisonment sentence on the Federal Sentencing Guideline's Residual Clause, which the United States Supreme Court has since found unconstitutional. The Residual Clause defines "crimes of violence" as a criminal act that involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a). As "crimes of violence," Mr. Soto's violations were classified as Grade A; for a Category IV criminal offender like Mr. Soto, the Grade A violations subjected Mr. Soto to a sentencing range of 24-40 months in prison. After the Court issued Mr. Soto's 24-month sentence, the United States Supreme Court ruled that an identically-worded Residual Clause in the Armed Career Criminal Act (ACCA) was unconstitutionally vague and violated due process. Johnson v. United States, 135 S. Ct. 2551, 2556, 192 L. Ed. 2d 569 (2015). Because the Tenth Circuit applies precedent for the ACCA's Residual Clause to its interpretation of the Federal Sentencing Guidelines' Residual Clause, the United States Supreme Court ruling in Johnson applies in equal force to the Residual Clause that served as the basis for Mr. Soto's lengthy sentence. The Johnson ruling represents a substantive change constitutional law, and therefore applies retroactively to Mr. Soto's sentence.

This Court should vacate and then reduce Mr. Soto's sentence to reflect that his violations are not "crimes of violence," and thus not Grade A violations. In light of the Johnson ruling, Mr. Soto's violations are Grade B violations, which only subject Mr. Soto to a sentencing range of 12–18 months imprisonment. As Mr. Soto's original sentence was at the low end of 24–30 month range, Mr. Soto's new sentence should be likewise adjusted to the low end of the proper sentencing range of 12–18 months.

**I.      The Sentencing Court Determined that Mr. Soto's Violations were Violent Crimes Pursuant to the Sentencing Guidelines Residual Clause.**

The Court determined that Mr. Soto's violations were "crimes of violence" pursuant to the residual clause in U.S.S.G. § 4B1.2, which meant that Mr. Soto's sentencing range was appropriate for a Grade A violation instead of a Grade B violation. For a Category IV offender such as Mr. Soto, the sentencing range for a Grade A violation of supervised release is 24–30 months; the sentencing range for a Grade B violation is 12–18 months. U.S.S.G. § 7B1.4(a). The Federal Sentencing Guidelines provide that a Grade B violation involves "conduct constituting any . . . . federal, state, or local offense punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B1.1(a)(2). However, when such conduct is a "crime of violence," that violation is considered Grade A. U.S.S.G. § 7B1.1(a)(1). The Federal Sentencing Guidelines define a "crime of violence" in U.S.S.G. § 4B1.2:

> **(a)** The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
> **(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> **(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2 (emphasis added). That final phrase – "otherwise involves conduct that presents a serious potential risk of physical injury to another" – is known as the "Residual Clause." See United States v. Maldonado, 696 F.3d 1095, 1099 (10th Cir. 2012); Johnson v. United States, 135 S. Ct. 2551, 2556, 192 L. Ed. 2d 569 (2015). In its petitions to revoke Mr. Soto's supervised release, the United States argued Mr. Soto's violations were "crimes of violence" pursuant to this residual clause. (Doc. 84, 6-7; *see* Doc. 92, 2-3). The Court ultimately agreed with the United States that Mr. Soto's violations were violent crimes. (Doc. 95, 2).

Accordingly, the Court issued a sentence for 24 months, (Doc. 95, 2), within the sentencing range for a Grade A violation.[1]

## II.    The United States Supreme Court Found the Residual Clause to be Unconstitutional.

Since Mr. Soto's sentencing, the United States Supreme Court ruled that increasing an offender's sentence based on the Residual Clause was an unconstitutional violation of that offender's rights to due process. Johnson, 135 S. Ct. at 2554. Johnson concerned the Residual Clause in the Armed Career Criminal Act; the defendant had been convicted of unlawfully possessing a short-barreled shotgun, id. at 2556, in violation of federal law prohibiting convicted felons to possess firearms. Id.; see 19 U.S.C.A. § 922(g). While a violation may bring a sentence of up to ten years imprisonment, 10 U.S.C.A. § 924(a)(2), a violation deemed to be a "violent felony" under the ACCA would increase to a minimum of 15 years, § 924(e)(1). Like the Federal Sentencing Guideline's definition of a violent crime, the ACCA's definition of a "violent felony" includes a Residual Clause, such that a violent felony includes "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C.A. § 924(e)(2)(B). (emphasis added).

The Supreme Court ruled that the ACCA's Residual Clause was unconstitutionally vague because it leaves uncertain "how to estimate the risk posed by a crime," and "how much risk it takes for a crime to qualify as a violent felony," Johnson, 135 S. Ct. at 2557-58. Consequently, the Supreme Court concluded, "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates."

---

[1] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(B).

III.   **The United States Supreme Court's Ruling on the ACCA's Residual Clause Applies with Equal Force to the Residual Clause in the Federal Sentencing Guidelines.**

The Tenth Circuit "interprets the residual clauses of the Guidelines and the ACCA under the same precedent," such that "interpretations of the Guidelines' enumerated felony list and residual clause apply with equal force to the ACCA provisions and vice-versa." United States v. Maldonado, 696 F.3d 1095, 1103 n.3 (10th Cir. 2012). The Tenth Circuit has noted the "near[] identical" wording of the residual clauses in the ACCA and the United States Sentencing Guidelines. *Id.* at 1103. ("[T]he relevant provisions of the U.S. Sentencing Guidelines, U.S.S.G. § . . . 4B1.2(a)(2)[] and the ACCA are nearly identical, differing only in that the list of enumerated crimes in the Guidelines names 'burglary of a dwelling' while the ACCA names 'burglary.'").

IV.   **Johnson v. United States is retroactive.**

Johnson's Residual Clause ruling represents a substantive change to constitutional law, and should apply retroactively to Mr. Soto's sentence. The Supreme Court, in Teague v. Lane, 489 U.S. 288 (1989), established certain exceptions to the general principle that new constitutional rules are not retroactive; one exception is for "substantive rule[s] that 'forbid punishment of certain primary conduct' or 'prohibit a certain category of punishment for a class of defendants because of their status or offense.'" In re Watkins, 810 F.3d 375, 382 (6th Cir. 2015) (quoting Beard v. Banks, 542 U.S. 406 at 416–17 & n.7). Consequently, "[t]he Supreme Court has held that '[n]ew *substantive* rules generally apply retroactively.'" In re Watkins, 810 F.3d 375, 381 (6th Cir. 2015) (quoting Schriro v. Summerlin, 542 U.S. 348, 352, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (emphasis in original)). "Because Johnson prohibits the imposition of an increased sentence on those defendants whose *status* as armed career criminals is dependent on offenses that fall within the residual clause, . . . '[t]here is no escaping the logical conclusion that the [Supreme] Court itself has made Johnson categorically retroactive to cases on collateral

review.'" In re Watkins, 810 F.3d 375, 383 (6th Cir. 2015) (quoting Price v. United States, 795 F.3d 731, 734 (7th Cir. 2015)).

Most courts considering the question have found that the Johnson ruling represents a substantive change to constitutional law and should be applied retroactively. The Sixth Circuit, for instance, applies Johnson retroactively, see In re Watkins, 810 F.3d 375, 383 (6th Cir. 2015); Braden v. United States, No. 14-6395, 2016 WL 909357, at *4, n.3 (6th Cir. Mar. 10, 2016), as does the Seventh Circuit, see Price v. United States, 795 F.3d 731, 734 (7th Cir. 2015). The Eleventh Circuit applies Johnson retroactively for a defendant's first 28 U.S.C. § 2255 motion, see Mays v. United States, No. 14-13477, 2016 WL 1211420, at *6 (11th Cir. Mar. 29, 2016) ("Applying the Teague principles, Johnson is retroactive because it qualifies as a substantive rule."), though not for a defendant's second or successive § 2255 motion under § 2255(h), see, e.g., In re Rivero, 797 F.3d 986, 991 (11th Cir. 2015); In re Franks, No. 15-15456-G, 2016 WL 80551, at *4 (11th Cir. Jan. 6, 2016). Only the Fifth Circuit has declined to apply Johnson retroactively. See In re Williams, 806 F.3d 322 (5th Cir. 2015).

## CONCLUSION

For these reasons, the Court should vacate Mr. Soto's sentence in light of the Johnson ruling. Mr. Soto's sentence should be reconsidered to reflect that his supervised release violations were Grade B violations and not Grade A violations. Consequently, Mr. Soto's sentencing range should be 12–18 months, not 24–30 months.

Counsel for the Government was contacted regarding this motion on April 11, 2016. The Government's position on the motion was not ascertained by the time of filing.

DATED: 4/15/16                    Respectfully submitted,

_____
George Bach

8

Garcia Ives Nowara
924 Second Street NW, Suite A
Albuquerque, NM 87102
(505) 899-1030
george@ginlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April 2016, I filed the foregoing electronically

through the CM/ECF system, which caused all counsel of record to be served by electronic

means, as more fully reflected on the Notice of Electronic Filing.

_____

George Bach