**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                No.    CV 16-308 JAP/CG
                                                                    CR 02-2074 JAP

NARCIZO SOTO,

      Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon *Defendant Narcizo Soto's Motion to Vacate Sentence* (the "Motion"), (CV Doc. 2), filed April 15, 2016; Plaintiff *United States' Response to Defendant's Motion to Vacate Sentence (Doc. 2)* (the "Response"), (CV Doc. 6), filed May 16, 2016; and Defendant's *Reply in Support of Defendant Narcizo Soto's Motion to Vacate Sentence* (the "Reply"), (CV Doc. 10), filed May 24, 2016.[1] United States District Judge James A. Parker referred this case to Magistrate Judge Carmen E. Garza to perform legal analysis and recommend an ultimate disposition of the case. (CV Doc. 4). After considering the parties' filings and the relevant law, the Court **RECOMMENDS** that Defendant's Motion be **GRANTED**, his sentence be **VACATED**, and he be **RESENTENCED**.

**I.**      **Procedural Background**

On May 18, 2005, Defendant Narcizo Soto pled guilty to possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C.

---

[1] Documents referenced as "CV Doc. ___" are from case number 16-cv-308-JAP-CG. Documents referenced "CR Doc. ___" are from case number 02-cr-2074-JAP.

§§ 841(a)(1) and (b)(1)(B); as well as aiding and abetting, in violation of 18 U.S.C. § 2. (CR Doc. 48). On September 6, 2005, the Court sentenced Defendant to 78 months imprisonment followed by a four-year term of supervised release. (CR Doc. 54 at 2-3). As part of the supervised release terms, Defendant was required to "not commit another federal, state, or local crime." (CR Doc. 54 at 3).

Subsequently, on November 14, 2013, the Court found that Defendant committed two felony offenses in violation of New Mexico state law and in violation of two conditions of supervised release. (CR Doc. 95 at 2). The felonies included aggravated fleeing from a police officer and escape from jail. (Doc. 95 at 1). Upon Plaintiff's recommendation, the Court found these offenses to be crimes of violence under the residual clause of the Federal Sentencing Guidelines ("Sentencing Guidelines"). (CR Docs. 84 at 6-7; 92 at 2-3; 95 at 2). Based on the algorithm established by the Sentencing Guidelines and Defendant's prior criminal history, the Court classified Defendant as a Category IV offender and classified his violations as Grade A violations. (CV Doc. 2 at 1). The Court sentenced Defendant for the violations of his conditions of supervised release to concurrent terms of imprisonment of 24 months to run consecutively to Defendant's state prison sentence. (CR Doc. 95 at 2).

On April 15, 2016, Defendant filed the instant Motion, arguing that his 24 month sentence should be vacated pursuant to the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and he should be resentenced. (CV Doc. 2 at 1). Defendant contends that because his crimes were defined as "crimes of violence" under the residual clause of the Sentencing Guidelines, his violations should be reclassified from Grade A to Grade B pursuant to U.S.S.G. § 7B1.4 and his sentence

should be reduced. (CV Doc. 2 at 1-2). In response, Plaintiff maintains that the new rule announced in *Johnson* applies to Sentencing Guidelines cases on direct review, but does not apply retroactively on collateral review of guidelines sentences, such as Defendant's case. (Doc. 6 at 2).

## II.     Legal Standard

### A. 28 U.S.C. § 2255 Standard

An individual claiming that his sentence "was imposed in violation of the Constitution or laws of the United States" may move a court to vacate, set aside, or correct a sentence by filing a petition under 28 U.S.C. § 2255(a).  To obtain habeas relief under § 2255, the petitioner must demonstrate "an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict." *United States v. Johnson*, 996 F. Supp. 1259, 1261 (D. Kan. 1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).  A court must hold an evidentiary hearing on a § 2255 petition unless the motions, files, and records conclusively show that the prisoner is not entitled to any relief.  28 U.S.C. § 2255(b).

### B. "Crimes of Violence" Under the Sentencing Guidelines

According to the Sentencing Guidelines, an offender is subject to an increased sentencing range if the offender is classified as a "career offender." Relevant to this case, a "career offender" has "at least two prior felony convictions of [ ] a crime of violence . . . ." U.S.S.G. § 4B1.1. At the time of Defendant's conviction, the sentencing guidelines defined a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1) has an element the use, attempted use, or threatened use of

3

      physical force against the person of another, or

    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (emphasis added).[2] The emphasized clause is known as the residual clause. Plaintiff agrees that Defendant's two felony offenses were defined as "crimes of violence" under the residual clause of the Sentencing Guidelines. (Doc. 6 at 1).

The residual clause of the Sentencing Guidelines is identical to the residual clause in the Armed Career Criminal Act ("ACCA"), which governs the sentencing of individuals with three convictions for violent felonies who are found to be in possession of a firearm. Recently, in the *Johnson* case, the Supreme Court held that the residual clause in the ACCA was unconstitutional.

### C. The *Johnson* Decision

The decision in *Johnson* affected the types of crimes that can be defined as "violent felonies" under the ACCA. According to the ACCA, an individual with "three previous convictions . . . for a violent felony or a serious drug offense," and found to be in possession of a firearm or ammunition, receives a minimum mandatory fifteen-year sentence. 18 U.S.C. §§ 922(g), 924(e). The statute defines

    the term 'violent felony' [as] any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that –

      (i)    has an element the use, attempted use, or threatened use of

---

[2] The Sentencing Guidelines were recently updated and part (a)(2) changed. U.S.S.G. § 4B1.2(a)(2). The section now reads ". . . is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841 (c). *Id.*

>    physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosive, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized clause is referred to as the residual clause. *In re Gieswein*, 802 F.3d 1143, 1145 (10th Cir. 2015) (citing *Johnson*, 135 S.Ct. at 2556). In *Johnson*, the Supreme Court decided that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges[,]" and therefore violates the due process clause of the Constitution. *Johnson*, 135 S.Ct. at 2563.

As a result of the Supreme Court's holding in *Johnson*, similarly worded residual clauses in other statutes, including the Sentencing Guidelines, have been called into question. Because "[t]he ACCA residual clause is 'virtually identical' to the residual clause of the [Sentencing] Guidelines, . . ., [the Tenth Circuit] has consistently applied the same analysis to both clauses." *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015) (citing *United States v. Thomas*, 643 F.3d 802, 805 (10th Cir. 2011) ("Because of [the] commonality of language in the residual clauses of the ACCA and [the Sentencing Guidelines], we have consistently interpreted them identically.")). Indeed, Plaintiff concedes, and the Tenth Circuit has found, that *Johnson*'s holding that the ACCA's residual clause is unconstitutional also applies to the residual clause in the Sentencing Guidelines. (CV Doc. 6 at 3); *Madrid*, 805 F.3d at 1210 ("If one iteration of the clause is unconstitutionally vague, so too is the other.").

After the *Johnson* decision, the Supreme Court held that *Johnson* applies retroactively on collateral review, because it announced a new, substantive rule. *Welch*

*v. United States*, 136 S. Ct. 1257 (2016). The rule is substantive because it "changed the substantive reach of the [ACCA], altering 'the range of conduct or the class of persons that the [ACCA] punishes.'" *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). While the Tenth Circuit has stated that *Johnson* applies to the residual clause in the Sentencing Guidelines, as it is also unconstitutionally vague, neither the Supreme Court, nor the Tenth Circuit, has addressed whether *Johnson* is a new, substantive rule that would apply retroactively to Sentencing Guidelines cases. This is the question that this Court must decide.

### III.     Analysis

Defendant argues that the holding in *Johnson* applies retroactively to Sentencing Guidelines cases, given that *Johnson* announced a new, substantive rule as applied both to the ACCA and the Sentencing Guidelines. (CV Doc. 2 at 7). Because the Court found that his convictions were "crimes of violence" pursuant to the residual clause in the Sentencing Guidelines, Defendant now argues that he should be resentenced in accordance with *Johnson*. (CV Doc. 2 at 8). Plaintiff maintains that *Johnson* does not apply retroactively to Sentencing Guidelines cases because as applied to the Sentencing Guidelines, *Johnson* announced a procedural rule. Therefore, Defendant's Motion should be denied. (CV Doc. 6 at 4).

Thus, the specific issue that the Court must address is whether *Johnson* announced a procedural or substantive rule, and accordingly, whether the rule applies retroactively to the Sentencing Guidelines on collateral review. In addressing the parties' arguments, the Court will follow the framework the Supreme Court has articulated in order to determine whether a new rule is substantive or procedural, and

therefore, whether it is retroactive.

### A. Application of New Criminal Rules

When a court's decision "results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." *Schriro*, 542 U.S. at 351 (citing *Griffith v. Kentucky*, 479 U.S. 341, 328 (1987)). The Court defines a rule as new "when it breaks new ground or imposes a new obligation[,]" that is to say, "if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). In addition, "the explicit overruling of an earlier holding" also creates a new rule, as was the case in *Johnson*. *Saffle v. Parks*, 494 U.S. 484, 488 (1990).

Neither party disputes that *Johnson* and *Madrid* announced new rules in regard to both ACCA and Sentencing Guidelines, respectively. (*See* Docs. 2 at 7-8, 6 at 4). Rather, the parties dispute whether the new rule as to the Sentencing Guidelines is substantive or procedural, and whether it applies retroactively to cases on collateral review.

### B. Retroactive Application of New Rules

Generally, new rules "should not be applied retroactively to cases on collateral review." *Teague*, 489 U.S. at 306. Despite this general rule, in *Teague*, the Supreme Court created a retroactivity framework that allows for the retroactive application of some rules on collateral review. Specifically, the Supreme Court recognizes two exceptions to the "general rule of nonretroactivity for cases on collateral review." *Id.* at 307. The first exception is for substantive rules which "place [ ] 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe[,]"*Id.* (quoting *Mackey v. United States*, 401 U.S. 667, 692 (1971), or

7

"prohibits a certain category of punishment for a class of defendants because of their status or offense." *Beard v. Banks*, 542 U.S. 406, 416-17 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989)). Although generally described as an exception, these rules are "more accurately characterized as substantive rules not subject to the bar" against retroactivity. *Schriro*, 542 U.S. at 352, n.4. The second exception is for "watershed" rules of criminal procedure, which "require[ ] the observance of 'those procedures that . . . are 'implicit in the concept of orderly liberty.'" *Id.* (quoting *Mackey*, 401 U.S. at 693).

### 1. *Substantive Rules versus Procedural Rules*

A substantive rule "alters the range of conduct or the class of persons that the law punishes." *Id.* at 353 (citing *Bousley*, 523 U.S. at 620-21). If a decision modifies the elements of an offense, it is considered substantive, as the new elements "alter the range of conduct the statute punishes, rendering some formerly unlawful conduct lawful or vice versa." *Id.* at 354 (citing *Bousley*, 523 U.S. at 620-21). Additionally, a new rule is substantive if it "addresses a 'substantive categorical guarante[e] accorded by the Constitution,' such as a rule 'prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" *Saffle*, 494 U.S. at 494-95 (quoting *Penry*, 492 U.S. at 329).

A rule is procedural if it "regulate[s] only the manner of determining the defendant's culpability." *Id.* at 353 (citing *Bousley*, 523 U.S. at 620). These rules "alter 'the range of permissible methods of determining whether a defendant's conduct is punishable." *Welch*, 136 S. Ct. at 1265 (quoting *Schriro*, 542 U.S. at 353). On the other hand, watershed rules of criminal procedure "are procedural rules 'implicating the

fundamental fairness and accuracy of the criminal proceeding.'" *Id.* (quoting *Saffle*, 494 U.S. at 495).

"New substantive rules generally apply retroactively." *Shriro*, 542 U.S. at 351 (emphasis omitted). This is "because they 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him." *Id.* at 352 (quoting *Bousley v. United States*, 523 U.S. 614, 620 (1998)). By contrast, new procedural rules "generally do not apply retroactively[,]" because "[t]hey do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise[s] the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id.* However, if new procedural rules fall within the "small set of watershed rules . . . implicating the fundamental fairness and accuracy of the criminal proceeding[,]" they will apply retroactively. *Id.* (quoting *Saffle*, 494 U.S. at 495).

Here, Defendant was sentenced based on the residual clause in the Sentencing Guidelines, which has been held to be unconstitutionally vague. However, for this new rule to apply to Defendant's convictions, this Court must determine whether the rule is substantive or procedural, and therefore, whether it applies retroactively on collateral review.

### 2. Retroactivity of Johnson *as Applied to the Sentencing Guidelines*

Defendant argues that *Johnson* is a substantive rule as applied to the Sentencing Guidelines and therefore, applies retroactively to those guidelines. (Doc. 10 at 1-2). Defendant contends that *Johnson* "changed the substantive reach" of both the ACCA and the Sentencing Guidelines by "altering the range of conduct or the class of persons

that [both] punishes." (Doc. 10 at 14) (internal citation omitted). Therefore, *Johnson* is not only retroactive as applied to ACCA cases, but also as applied to Sentencing Guidelines cases. (Doc. 10 at 1-2).

Conversely, Plaintiff argues that although *Johnson* announced a substantive rule as applied to the ACCA, the application of *Johnson* to the Sentencing Guidelines' residual clause is procedural, and therefore not retroactive. (Doc. 6 at 11-16).[3] Plaintiff contends that, as applied to the Sentencing Guidelines, *Johnson* "would establish [D]efendant's guidelines range was incorrectly calculated, but it would not disturb the statutory boundaries for sentencing set by Congress for the crime." (Doc. 6 at 12). Plaintiff maintains that this is a procedural change in the sentencing process. Plaintiff distinguishes the Sentencing Guidelines from the ACCA, reasoning that the Guidelines do not "trigger a statutory mandatory minimum sentence that would not otherwise apply and does not elevate the statutory minimum." (Doc 6 at 12). Further, Plaintiff states that *Johnson* is not a new, watershed procedural rule that would apply retroactively. (CV Doc. 6 at 15-16).

To determine whether this new rule as applied to the Sentencing Guidelines is substantive, the Court turns to the reasoning in *Welch*. After the Supreme Court held that the residual clause in the ACCA was unconstitutionally vague in *Johnson*, it determined whether the rule would apply retroactively to cases on collateral review.

---

[3] The Court notes, however, that Plaintiff has previously held the position that the application of decisions regarding the ACCA to the Sentencing Guidelines is substantive, rather than procedural. (*See Narvaez v. United States*, 674 F.3d 621, 625 (7th Cir. 2011) (Plaintiff conceded that ACCA decisions "decided questions of substantive statutory construction and that [the decisions] apply retroactively on collateral review" to Sentencing Guidelines cases); *see also United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015) (Plaintiff agreed that an ACCA decision applied retroactively to a Sentencing Guidelines case)). Currently, Plaintiff states that it "reexamine[ed] its position on this issue in light of *Johnson*, [and] . . . now believes that rules relating solely to the calculation of a defendant's guidelines range (mandatory and advisory alike) are procedural, and hence not retroactive to cases on collateral review." (CV Doc. 6 at 15, n.8).

Because it was "undisputed that *Johnson* announced a new rule[,]" the Supreme Court focused on "whether [the] new rule falls within one of the two categories that have retroactive effect . . . ." *Welch*, 136 S. Ct. at 1264. *Johnson* was held to be substantive because "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the [ACCA], altering 'the range of conduct or the class of persons that the [ACCA] punishes.'" *Id.* at 1265 (quoting *Schriro*, 542 U.S. at 353). The Supreme Court explained that before *Johnson*, a person who possessed a firearm after being convicted of three violent felonies faced 15 years in prison, even if those felonies fell under the residual clause. *Id*. However, after *Johnson*, "the same person engaging in the same conduct is no longer subject to the [ACCA] and faces at most 10 years in prison." *Id*. Because *Johnson* established "that 'even the use of impeccable fact finding procedures could not legitimate' a sentence based on that clause[,]" *Johnson* was a substantive decision. *Id.* (quoting *United States v. United States Coin & Currency*, 401 U.S. 715 at 724 (1971)).

The Court further explained that *Johnson* was not a procedural decision because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the [ACCA]." *Id.* (citing *Schiriro*, 542 U.S. at 353). Rather, "*Johnson* affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied." *Id.*

Because the residual clause in the ACCA and the Sentencing Guidelines are "virtually identical" and the Tenth Circuit has "consistently applied the same analysis to both clauses[,]" this Court will apply the Supreme Court's reasoning in *Welch* to the case at bar. *Madrid*, 805 F.3d at 1210 (quoting *Thomas*, 643 F.3d at 508). Here, based

on his designation as a career offender, Defendant was sentenced to 24 months imprisonment, instead of the 12 to 18 month range that would have applied without the residual clause of the Sentencing Guidelines. (Doc. 2 at 1). Despite Plaintiff's argument to the contrary, the boundaries of Defendant's sentence were moved in reliance on the residual clause. That is, Defendant was subject to an increased sentence. However, similar to the ACCA residual clause, after *Johnson*, the residual clause in the Sentencing Guidelines "can no longer mandate or authorize any sentence." *Welch*, 136 S. Ct. at 1268. Accordingly, without relying on the residual clause Defendant's sentence of 24 months would not have been authorized. Thus, the decision in *Johnson* changed the "range of conduct or class of persons the law punishes." As a result, this Court finds that the invalidation of the Sentencing Guidelines is a substantive rule that applies retroactively to Defendant.

Plaintiff argues that this case is distinguishable from *Welch* on the basis that the Sentencing Guidelines are advisory, while the ACCA is statutory law. This argument is not persuasive. Despite the fact that the Sentencing Guidelines are not statutory, they "remain a meaningful benchmark through the process of appellate review[,]" and "district courts *must* begin their analysis with the [Sentencing] Guidelines and remain cognizant of them throughout the sentencing process." *Peugh*, 133 S. Ct. at 2083 (citing *Gall*, 552 U.S. at 50, n.6) (emphasis in original). A sentencing court must start with the Sentencing Guidelines and, in fact, may be reversed for not correctly applying the guidelines, even though the court may deviate from the recommended range. *Madrid*, 805 F.3d at 1211 (citing *Gall v. United States*, 552 U.S. 38, 49-51 (2007)). In holding that *Johnson* applies to the Sentencing Guidelines, the Tenth Circuit stated, the fact

"[t]hat the [Sentencing] [G]uidelines are advisory, and not statutory, does not change our analysis. The Supreme Court has held that the [Sentencing] Guidelines are subject to constitutional challenge 'notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range.'" *Madrid*, 805 F.3d at 1211 (quoting *Peugh*, 133 S. Ct. at 2082 (2013)).

It follows that, "[i]n the usual sentencing, . . . the judge will use the [Sentencing] Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh*, 133 S. Ct. at 2083 (quoting *Freeman v. United States*, 564 U.S. 522, 529 (2011)). Indeed, "[e]ven if the sentencing judge sees a reason to vary from the [Sentencing] Guidelines, 'if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the [Sentencing]Guidelines are in a real sense the basis for the sentence.*'" *Id.* (emphasis in original).

Plaintiff further argues that because a mistake in calculating the correct Sentencing Guidelines range has been defined as procedural, the decision in *Johnson* is procedural not substantive. (Doc. 6 at 13 (*citing Peugh*, 133 S. Ct. at 2083)). This argument is similarly unavailing, as "procedural requirements do not, of course, transform substantive rules into procedural ones." *Montgomery v. Louisiana*, 136 S. Ct. 718, 735 (2016), *as revised* (Jan. 27, 2016).

This issue has been addressed in *Miller*, where the Supreme Court required a sentencing court "to consider a juvenile offender's youth and attendant characteristics before determining that life without parole is a proportionate sentence." *Id.* at 734 (citing *Miller v. Alabama*, 132 S. Ct. 2455, 2465 (2012)). The Supreme Court explained that although *Miller* had a procedural component, it was not a procedural rule. The Court

held that an argument that the rule was procedural "conflate[d] a procedural requirement necessary to implement a substantive guarantee with a rule that 'regulate[s] only the manner of determining the defendant's culpability.'" *Id.* at 734-35 (quoting *Schriro*, 542 U.S. at 353). In fact, "[t]here are instances in which a substantive change in the law must be attended by a procedure that enables a prisoner to show that he falls within the category of persons whom the law may no longer punish." *Id.* at 735 (citing *Mackey v. United States*, 401 U.S. 667, 692, n. 7 (1971)).

In order words, the miscalculation of a sentencing range is procedural; however, the application of *Johnson* to Sentencing Guidelines cases is not a case of miscalculating a sentence. Rather, *Johnson* changed the "particular conduct or persons covered" by the Sentencing Guidelines, and is therefore substantive. Because the Court finds that the application of *Johnson* to Sentencing Guidelines cases is a new, substantive rule , it concludes that it should apply retroactively on collateral review and that Defendant's sentence should be vacated and he should be resentenced based on these findings.

### IV. Recommendation

For the reasons discussed above, the Court finds that *Johnson* announced a new, substantive rule that should apply retroactively to the residual clause of the Sentencing Guidelines, and consequently, Defendant's sentence.

**IT IS THEREFORE RECOMMENDED** that *Defendant Narcizo Soto's Motion to Vacate Sentence*, (CV Doc. 2), be **GRANTED** and Defendant be resentenced.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE